MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EPITACIO LIRA, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| 1701 PIZZA LTD.  (D/B/A LUIGI'S PIZZA), | **29 U.S.C. § 216(b)** |
| SALVATORE ROMANO, and LUIGI | |
| ROMANO , | **ECF Case** |
| *Defendants*. | |

-------------------------------------------------------X

Plaintiff Epitacio Lira ("Plaintiff Lira" or "Mr. Lira"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against 1701 Pizza Ltd. (d/b/a Luigi's Pizza), ("Defendant Corporation"), Salvatore Romano and  Luigi Romano, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Lira is a former employee of Defendants 1701 Pizza Ltd. (d/b/a Luigi's Pizza), Salvatore Romano, and Luigi Romano.

2.       Defendants own, operate, or control an Italian restaurant, located at 1701 1st Avenue, New York, New York 10128 under the name "Luigi's Pizza".

3.      Upon information and belief, individual Defendants Salvatore Romano and Luigi Romano, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Lira was employed as a delivery worker, porter and a food preparer at the restaurant located at 1701 1st Avenue, New York, New York 10128.

5.      Plaintiff Lira was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, vacuuming, preparing deliveries, helping in the kitchen, taking out trash, cleaning bathrooms, cleaning tables, dishwashing, mopping, bringing products from the basement to the restaurant, stocking deliveries in the basement of the restaurant and carrying down wine boxes and stocking them in the basement (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Lira worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Lira appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Lira the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants employed and accounted for Plaintiff Lira as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Lira at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Lira's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of

disguising Plaintiff Lira's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Lira at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Lira's and other tipped employees' tips and made unlawful deductions from Plaintiff Lira's and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Lira to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lira and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Lira now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiff Lira seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Lira's state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Lira was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

20.    Plaintiff Epitacio Lira ("Plaintiff Lira" or "Mr. Lira") is an adult individual residing in Kings County, New York.

21.    Plaintiff Lira was employed by Defendants at Luigi's from approximately June 2014 until on or about May 25, 2019.

22.    Plaintiff Lira consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.    At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 1701 1st Avenue, New York, New York 10128 under the name "Luigi's Pizza".

24.    Upon information and belief, 1701 Pizza Ltd. (d/b/a Luigi's Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1701 1st Avenue, New York, New York 10128.

25.     Defendant Salvatore Romano is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Salvatore Romano is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Salvatore Romano possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lira, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Luigi Romano is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Luigi Romano is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Luigi Romano possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Lira, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

27.     Defendants operate an Italian restaurant located in the Yorkville section of Manhattan in New York City.

28.     Individual Defendants, Salvatore Romano and Luigi Romano, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.    Each Defendant possessed substantial control over Plaintiff Lira's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Lira, and all similarly situated individuals, referred to herein.

31.    Defendants jointly employed Plaintiff Lira (and all similarly situated employees) and are Plaintiff Lira's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.    In the alternative, Defendants constitute a single employer of Plaintiff Lira and/or similarly situated individuals.

33.    Upon information and belief, Individual Defendants Salvatore Romano and Luigi Romano operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)    defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)    transferring assets and debts freely as between all Defendants,

d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)    operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)    intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Lira's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Lira, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Lira's services.

35.     In each year from 2014 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Lira is a former employee of Defendants who;  however, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Lira seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Epitacio Lira*

39.     Plaintiff Lira was employed by Defendants from approximately June 2014 until on or about May 25, 2019.

40.     Defendants employed Plaintiff Lira as a porter and a food preparer and ostensibly as a delivery worker.

41.     However, Plaintiff Lira was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Lira ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Lira regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Lira's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Lira regularly worked in excess of 40 hours per week.

46.     From approximately June 2014 until on or about May 2016, Plaintiff Lira worked as a delivery worker and a porter from approximately 12:00 p.m. until on or about 12:00 a.m., 5 days a week (typically 60 hours per week).

47.     From approximately June 2016 until on or about December 2018, Plaintiff Lira worked as a food preparer and a delivery worker from approximately 9:00 a.m. until on or about 9:00 p.m. to 10:00 p.m., 5 days a week (typically 60 to 65 hours per week).

48.     From approximately December 2018 until on or about May 25, 2019 , Plaintiff Lira worked as a food preparer from approximately 9:30 a.m. until on or about 7:30 p.m. to 8:00 p.m., 4 days a week and from approximately 9:00 a.m. until on or about 8:30 p.m., 1 day a week (typically 51.5 to 53.5 hours per week).

49.     From approximately June 2014 until on or about December 2018, Defendants paid Plaintiff Lira his wages in cash.

50.     From approximately January 2019 until on or about May 25, 2019, Defendants paid Plaintiff Lira his wages in a combination of check and cash.

51.     From approximately June 2014 until on or about January 2019, Defendants paid Plaintiff Lira $9.30 per hour for all his hours worked.

52.     From approximately January 2019 until on or about May 25, 2019, Defendants paid Plaintiff Lira $13.50 per hour for his first 40 hours worked and $20.25 per hour for his overtime hours.

53.     Plaintiff Lira's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants required Plaintiff Lira to work an additional 15 minutes to 1 hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

55.     Defendants never granted Plaintiff Lira any breaks or meal periods of any kind.

56.     Plaintiff Lira was never notified by Defendants that his tips were being included as an offset for wages.

57.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Lira's wages.

58.     Defendants withheld a portion of Plaintiff Lira's tips; specifically, Defendants withheld around $10.00 per week, and on three occasions Defendants took all of Plaintiff Lira's tips (approximately $40, $60 and $80).

59.     Prior to 2018, Plaintiff Lira was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

60.     In addition, in order to get paid, Plaintiff Lira was required to sign a document in which Defendants misrepresented the hours that he worked per week.

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lira regarding overtime and wages under the FLSA and NYLL.

62.     Defendants did not provide Plaintiff Lira an accurate statement of wages, as required by NYLL 195(3).

63.     In fact, Defendants adjusted Plaintiff Lira's paystubs so that they reflected inaccurate wages and hours worked.

64.     Defendants did not give any notice to Plaintiff Lira, in English and in Spanish (Plaintiff Lira's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff Lira to purchase "tools of the trade" with his own funds—including two bicycles, two vests, the yearly bicycle's maintenance, a bell and a basket.

*Defendants' General Employment Practices*

66.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Lira (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

67.     Plaintiff Lira was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

68.     Defendants' pay practices resulted in Plaintiff Lira not receiving payment for all his hours worked, and resulted in Plaintiff Lira's effective rate of pay falling below the required minimum wage rate.

69.     Defendants habitually required Plaintiff Lira to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

70.     Defendants required Plaintiff Lira and all other delivery workers, to perform general non-tipped tasks in addition to their primary duties as delivery workers.

71.      Plaintiff Lira and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

72.     Plaintiff Lira's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

73.      Plaintiff Lira and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

74.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Lira's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

76.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Lira and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Lira who received tips that Defendants intended to take a deduction against Plaintiff Lira's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Lira who received tips, that his tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Lira who worked as a delivery worker, for the tips he received.

81.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Lira worked.

82.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Lira who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving a delivery worker, porter and a food preparers of a portion of the tips earned during the course of employment.

83.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

84.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit or pay them the full hourly minimum wage.

85.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

86.    Defendants' time keeping system did not reflect the actual hours that Plaintiff Lira worked.

87.    Defendants required Plaintiff Lira to sign a document that reflected inaccurate or false hours worked.

88.    Defendants paid Plaintiff Lira his wages in cash and then in a combination of check and cash.

89.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

90.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Lira (and similarly situated individuals) worked, and to avoid paying Plaintiff Lira properly for his full hours worked.

91.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

92.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Lira and other similarly situated former workers.

93.     Defendants failed to provide Plaintiff  Lira and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

94.     Defendants failed to provide Plaintiff Lira and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

95.      Plaintiff Lira brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

96.      At all relevant times, Plaintiff Lira and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

97.      The claims of Plaintiff Lira stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

98.      Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

99.      At all times relevant to this action, Defendants were Plaintiff Lira's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Lira (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

100.      At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

101.      Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

102.    Defendants failed to pay Plaintiff Lira (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

103.    Defendants' failure to pay Plaintiff Lira (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

104.    Plaintiff Lira (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

105.    Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Lira (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.    Defendants' failure to pay Plaintiff Lira (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiff Lira (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

109.    Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

110.    At all times relevant to this action, Defendants were Plaintiff Lira's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Lira, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

111.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Lira less than the minimum wage.

112.    Defendants' failure to pay Plaintiff Lira the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

113.    Plaintiff Lira was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

114.    Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Lira  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

116.    Defendants' failure to pay Plaintiff Lira overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

117.    Plaintiff Lira was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

118.    Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

119.    Defendants failed to pay Plaintiff Lira one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Lira's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

120.     Defendants' failure to pay Plaintiff Lira an additional hour's pay for each day Plaintiff Lira's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

121.     Plaintiff Lira was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

122.     Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

123.     Defendants failed to provide Plaintiff Lira with a written notice, in English and in Spanish (Plaintiff Lira's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

124.     Defendants are liable to Plaintiff Lira in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

125.     Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

126.     With each payment of wages, Defendants failed to provide Plaintiff Lira with an accurate statement listing each of the following: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

127.    Defendants are liable to Plaintiff Lira in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

128.    Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

129.    Defendants required Plaintiff Lira to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

130.    Plaintiff Lira was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

131.    Plaintiff Lira repeats and realleges all paragraphs above as though fully set forth herein.

132.    At all relevant times, Defendants were Plaintiff Lira's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

133.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

134.    Defendants unlawfully misappropriated a portion of Plaintiff Lira's tips that were received from customers.

135.    Defendants knowingly and intentionally retained a portion of Plaintiff Lira's tips in violations of the NYLL and supporting Department of Labor Regulations.

136.    Plaintiff Lira was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lira respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lira and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Lira and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Lira's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Lira and the FLSA Class members;

(f)      Awarding Plaintiff Lira and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Lira and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lira;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Lira;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Lira;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Lira's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Lira;

(m)      Awarding Plaintiff Lira damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)      Awarding Plaintiff Lira damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Lira liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours

pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to

NYLL § 198(3);

(p)      Awarding Plaintiff Lira and the FLSA Class members pre-judgment and post-

judgment interest as applicable;

(q)      Awarding Plaintiff Lira and the FLSA Class members the expenses incurred in this

action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lira demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
       June 18, 2019

                                   MICHAEL FAILLACE & ASSOCIATES, P.C.

                     By:    /s/ Michael Faillace
                           Michael Faillace [MF-8436]
                           60 East 42nd Street, Suite 4510
                           New York, New York 10165
                           Telephone: (212) 317-1200
                           Facsimile: (212) 317-1620
                           *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 17, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Epitacio Lira

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      _Epitacio_

Date / Fecha:                           17 de Junio 2019

*Certified as a minority-owned business in the State of New York*